KLEINFELD, Circuit Judge,
dissenting:
I respectfully dissent.
The majority correctly states the law and I dissent with some trepidation because of the double deference we are required to apply under Jackson v. Virginia[1] and 28 U.S.C. § 2254(d)(1).[2] Nevertheless, having reviewed the conclusory finding of the trial judge, and having obtained and read the entire transcript of the trial, it is my view that the state court unreasonably applied the Jackson test. On the evidence before the trial court, no rational trier of fact could have found the essential elements of the enhancing crime beyond a reasonable doubt.
Pham was proved to be a member of the V-12 gang. And his conviction for the stabbing is not at issue. All that is at issue is the substantial gang enhancement added to his sentence. And the only serious issue regarding the gang enhancement is whether there was enough evidence for a trier of fact to conclude that Pham acted with the “specific intent to promote, further, or assist in any criminal conduct by gang members.”[3]
The evidence wasn’t there. The only evidence for the gang enhancement was testimony by a police officer with training and experience in gangs, inferring that Pham acted with the specific gang intent. The police officer’s testimony, though, stacked inference on inference, and did not connect up with the facts of the case. First, the police officer testified that a gang-to-gang challenge would require a violent response in order to assist the gang. But there was no evidence that the people at the other table were members of a rival gang or any gang. Second, the police officer testified that he inferred intent because Pham’s companion, Trinh, was also a V-12 gang member. All the testimony, though, was that the gang was not secret, Pham readily claimed membership, and Trinh was not a member. The police files of V-12 gang members did not include Trinh. The evidence that the police officer relied on was that another V-12 gang member had a telephone list that included Trinh’s name. But this was a Vietnamese *194 gang, and the list included Anglo names, so it plainly was not a membership list, but rather a telephone list that included both gang members and others. None of the victims testified that they heard any gang language by anyone.
It is plausible that Pham acted with the intent to promote his gang, by showing that insults to any member will not be tolerated. But I do not think that any reasonable trier of fact could conclude beyond a reasonable doubt that he acted for that purpose. What the evidence supports is that the female at the other table insulted Pham, one of the males with her confronted Pham and Trinh with an insulting remark, and Pham and Trinh responded violently. The police officer with gang training and experience did not know any more than this. His testimony established no more than that, if the facts were different (e.g., if Trinh was a member of the gang or if the people at the other table were members of a rival gang), it would be a reasonable inference that this was a gang fight. In the facts that actually pertained, however, the inference is unfounded. A reasonable trier of fact could conclude only that it was a criminally violent response to insults by a teenage hoodlum.

. 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ("[Tlhe relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.”).

. See Juan H. v. Allen, 408 F.3d 1262, 1274 (9th Cir.2005) ("After AEDPA, we apply the standards of Jackson with an additional layer of deference.”).

. Cal.Penal Code § 186.22(b)(1).